Jose Santos Mauricio Ramirez v. Joyce Lin

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 13th day of October, two thousand twenty.

Present:      ROSEMARY S. POOLER,
              RAYMOND J. LOHIER, JR.,
              WILLIAM J. NARDINI,
                    *Circuit Judges*.

_____

JOSE SANTOS MAURICIO RAMIREZ,

                *Plaintiff-Appellee*,

              v.                                      19-1868-cv

JOYCE LIN, AKA MEI LIN,

                *Defendant-Appellant*,

ROKA JAPANESE FOOD INC., DIAN CHI ZHOU, AKA LARRY ZHOU,

                *Defendants*.
_____

Appearing for Appellant:      Ricardo R. Morel, Flushing, N.Y.

Appearing for Appellee:      Jacob Aronauer, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Tiscione, *M.J.*).

1

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED IN PART**, **VACATED IN PART,** and **REMANDED** for the limited purpose of correcting the clerical error in the total dollar amount of damages awarded. The judgment is **AFFIRMED** in all other respects.

Joyce Lin appeals from the June 5, 2019 judgment of the United States District Court for the Eastern District of New York (Tiscione, *M.J.*), entered after a bench trial, awarding Ramirez overtime wages, liquidated damages, statutory wage notice damages, and pre-judgment interest pursuant to the New York Labor Law ("NYLL"), N.Y. Labor Law Sections 190 and 650 et seq. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Lin employed Ramirez at a restaurant in Elmhurst, New York named Roka Japanese Food Inc. ("Roka"). *Ramirez v. Roka Japanese Food, Inc. et al.*, 18-CV-296 (ST), 2019 WL 2372866, at *1 (E.D.N.Y. June 5, 2019). Ramirez's primary duties were to wash dishes, make various repairs, and prepare certain foods. *Id.* During his employment, Ramirez did not receive overtime pay despite working in excess of forty hours per week. *Id.* at *6-7. On January 16, 2018, Ramirez commenced this action alleging that Lin and Roka violated the overtime provisions and statutory wage notice provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201 et seq., and the NYLL. After a bench trial, the district court issued its findings of fact, conclusions of law, and its judgment, concluding that Lin and Roka violated the NYLL. Accordingly, the district court awarded Ramirez $355,457.67 in damages, which included $143,502.75 in unpaid wages, $143,502.75 in liquidated damages, $10,000 in statutory wage notice damages, prejudgment interest on the unpaid wages at an annual rate of 9% calculated from April 7, 2015, $13,227.75 in attorney's fees, and $1,440.38 in litigation costs. *Ramirez*, 2019 WL 2372866, at *10.[1]

On appeal, Lin primarily argues that the district court erred in finding Ramirez's testimony credible, in finding that Lin failed to establish the existence of an explicit agreement between the parties that Ramirez's fixed salary was intended to include overtime compensation, and in awarding Ramirez liquidated damages. We are not persuaded.

"Following a bench trial, we set aside findings of fact only when they are clearly erroneous, and we give due regard to the trial court's credibility determinations." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 300 (2d Cir. 2006) (internal quotation marks omitted). As to the district court's credibility determinations, on appeal, this Court may not "second-guess the bench-trial court's credibility assessments." *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 95 (2d

---

[1] It appears that the district court made a clerical error when calculating the total dollar amount due to Ramirez. Although the court awarded Ramirez $10,000 in statutory wage notice damages, *Ramirez v. Roka Japanese Food, Inc. et al.*, 18-CV-296 (ST), 2019 WL 2372866, at *8 (E.D.N.Y. June 5, 2019), these damages were omitted from the final calculation of $355,457.67 in the concluding paragraph of its order, which summed up the various amounts awarded, and when the court entered judgment. Pursuant to Fed. R. Civ. P. 60(a), such a clerical error may be corrected upon the filing of an appeal with leave of the appellate court. Accordingly, we remand for the limited purpose of having the district court amend the judgment to reflect its award of an additional $10,000 in statutory wage notice damages.

Cir. 2012). Despite the allegedly contradictory or inconsistent statements Ramirez made about when he arrived at the restaurant and whether anyone besides Lin helped at the restaurant, "as trier of fact, the judge is entitled, just as a jury would be, to believe some parts and disbelieve other parts of the testimony of any given witness." *Id.* at 95 (internal quotation marks and citations omitted). Here, the district court noted that Lin acknowledged Ramirez worked six days per week but testified inconsistently as to the lengths of time he worked. Further, it found Lin produced no reliable records of the hours Ramirez worked, as Lin acknowledged that records produced did not state the actual times Ramirez stopped working. Given Lin's inconsistent testimony and the lack of reliable records, the district court did not commit clear error in finding Ramirez's testimony credible.

Lin appears to argue that the parties had an oral wage and hour agreement and that the district court erred when it found otherwise. The district court carefully weighed the available evidence, including Ramirez and Lin's testimony, when it determined that there was no explicit agreement that the fixed salary paid would include overtime compensation. Based on this record, the district court did not err.

As to damages, we review a district court's damages calculation for clear error, and questions of law de novo. *See Rana v. Islam*, 887 F.3d 118, 121 (2d Cir. 2018). The burden necessary to avoid liquidated damages is a difficult one; "double damages are the norm and single damages the exception." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008). Under the NYLL, plaintiffs are entitled to liquidated damages if they have been denied overtime "unless the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law." N.Y. Lab. L. § 198(1-a). Though this Circuit has not discussed what constitutes a "good faith basis" under the NYLL, we have interpreted the NYLL liquidated damages provision in accordance with the FLSA's liquidated damages provision, as has at least one New York appellate court. *See, e.g.*, *Tapia v. Blch 3rd Ave. LLC*, 906 F.3d 58, 60 (2d Cir. 2018) ("Absent a showing of good faith, the FLSA provides for liquidated damages equal to unpaid wages and overtime recovered. The NYLL also provides for liquidated damages *on the same terms*, though its damages calculation is different.") (emphasis added); *Rana*, 887 F.3d at 123 ("While the wording of the FLSA and NYLL liquidated damages provisions are not identical, there are no meaningful differences, and both are designed to deter wage-and-hour violations in a manner calculated to compensate the party harmed.") (citation and internal quotation marks omitted); *Vega v. CM & Assoc. Constr. Mgmt., LLC*, 107 N.Y.S.3d 286, 288 (1st Dep't 2019). Under the FLSA, "[t]o establish the requisite subjective good faith, an employer must show that it took active steps to ascertain the dictates of the FLSA and then act to comply with them." *Barfield*, 537 F.3d at 150 (internal quotation marks omitted). We find no reason to differentiate the FLSA from the NYLL as to this standard, and accordingly we apply it.

The district court properly awarded liquidated damages after concluding that Lin and Roka "kept minimal and wholly unreliable records related to Mr. Ramirez's employment, demonstrating a lack of concern for payment of his wages in accordance with the law." *Ramirez*, 2019 WL 2372866, at *7. In challenging this determination, Lin argues that her seeking of counsel and the assistance of others is sufficient to establish a good faith basis for her belief that she acted in compliance with the law. However, Lin fails to direct us to any decisions of this

Circuit or of New York courts supporting her argument. Further, even if such seeking of assistance constitutes an "active step" to ascertain the dictates of the law, we agree with the district court that the fact that Lin had only minimal and unreliable records shows a failure to act to comply with the dictates of the law. *See Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142-43 (2d Cir. 1999) (employer with "extensive knowledge of the FLSA's requirements" still liable where it "utterly failed to take the steps necessary to ensure [its] pay practices complied with the Act").

We have considered the remainder of Lin's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED in part, VACATED in part, and REMANDED for the limited purpose of having the district court amend the judgment to reflect the additional $10,000 in statutory wage notice damages that it awarded Ramirez. The judgment is AFFIRMED in all other respects.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk